UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KELLY LA GALE McSEAN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 4:23-cv-01225-MTS |
| CHRIS CHAMBERLAIN, *et al.*, | ) ) ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on remand from the United States Court of Appeals for the Eighth Circuit. *See McSean v. Chamberlain*, No. 24-1674, 2024 WL 3812712, at *1 (8th Cir. Aug. 14, 2024) (unpublished per curiam). Plaintiff Kelly La Gale McSean was at all relevant times civilly committed to the Southeast Missouri Mental Health Center ("SMMHC") under Missouri's Sexually Violent Predator Act. Doc. [1] at 2–3.[1] She alleges that a strip search performed on her at SMMHC violated her constitutional rights. *Id.* at 9–51. In accordance with the mandate of the Court of Appeals, this Court will reinstate Plaintiff's Fourth Amendment claim against all Defendants except Denise Hacker and will consider Plaintiff's state law claims of battery, assault, and sexual assault.

**Background**

Plaintiff alleges that on December 30, 2021, she forcibly was placed on a litter, transported to her room, and subjected to a strip search by staff members at SMMHC. Doc. [1] at 9–14. She claims that the search was unreasonable and caused significant mental and

---

[1] Plaintiff notes she formerly "was known as Larry J. Bemboom." Doc. [1] at 2–3.

emotional distress.  *Id.* at 52–55.  The Defendants are SMMHC staff members Chris Chamberlain, (2) Jeff Cunningham, (3) Denise Hacker, (4) Misty Kindle, (5) William Anderson, (6) Adam Cooper, and (7) Jeremy Crice.  *Id.* at 3–8.  Plaintiff sues each in their individual and official capacities.  *Id.*

On March 1, 2024, this Court dismissed Plaintiff's claims under 28 U.S.C. § 1915(e)(2), finding the strip search reasonable and dismissing all claims as either frivolous or for failure to state a claim.  Doc. [9].  On appeal, the Eighth Circuit affirmed in part and reversed in part, explaining that Plaintiff's Fourth Amendment allegations against certain Defendants in their individual capacities were sufficient to survive preservice dismissal.  Doc. [29].  The Eighth Circuit affirmed the dismissal of Plaintiff's other claims but instructed this Court to "consider whether the complaint sufficiently alleges state law claims for battery, assault, and sexual assault, and whether the exercise of supplemental jurisdiction over these claims is warranted."  *Id.* at 4.

## Legal Standard

To adequately state a claim for relief, a complaint must include sufficient factual detail to demonstrate that the claim is plausible.  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  Legal conclusions and "[t]hreadbare recitals of the elements of a cause of action" are insufficient.  *Id.* at 678.  A claim is plausible if it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.  Additionally, pro se complaints are entitled to liberal construction.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).

**Discussion**

1. **Reinstatement of Fourth Amendment Claim**

In accordance with the Eighth Circuit's ruling, the Court will reinstate Plaintiff's Fourth Amendment claim under 42 U.S.C. § 1983 against Defendants Chris Chamberlain, Jeff Cunningham, Misty Kindle, William Anderson, Adam Cooper, and Jeremy Crice, in their individual capacities only. *See Poletti v. Comm'r of Internal Revenue*, 351 F.2d 345, 347 (8th Cir. 1965) (explaining that "an inferior court has no authority to deviate from the mandate issued by an appellate court").

2. **State Law Claims**

At the direction of the Court of Appeals, this Court now considers whether Plaintiff's Complaint sufficiently alleges state law claims for assault, battery, and sexual assault, and, if so, whether the exercise of supplemental jurisdiction over these state law claims is warranted.

    a. *Assault and Battery*

Under Missouri law, "[a]n assault is an inchoate battery." *Hickey v. Welch*, 91 Mo. App. 4, 14 (Mo. Ct. App. 1901) (Goode, J., for the Court). And a battery is the "consummation of an assault." *Devitre v. Orthopedic Ctr. of St. Louis, LLC*, 349 S.W.3d 327, 335 (Mo. banc 2011); *Adler v. Ewing*, 347 S.W.2d 396, 402 (Mo. Ct. App. 1961). Specifically, to state a claim for assault under Missouri law, a plaintiff must show that (1) the defendant acted with the intent to cause bodily harm or offensive contact, or to create a reasonable apprehension of such harm or contact, (2) the defendant's conduct indicated such intent, and (3) the plaintiff experienced apprehension of imminent bodily harm or offensive contact because of the defendant's actions. *Phelps v. Bross*, 73 S.W.3d 651, 656 (Mo. Ct. App. 2002); *see also* Mo. Approved Jury Instr. (Civil) 23.01 (8th ed.).   To state a claim under Missouri law for battery,

a plaintiff must show the defendant intentionally made harmful or offensive bodily contact with plaintiff.  *See Phelps*, 73 S.W.3d at 656.; *see also* Mo. Approved Jury Instr. (Civil) 23.02 (8th ed.).

Here, Plaintiff makes sufficient plausible allegations to state a claim for assault, and by making plausible allegations of offensive bodily contact, she also states a claim for battery.  Plaintiff alleges that she was forcibly restrained and subjected to offensive contact during the search.  Doc. [1] at 11–12.  Specifically, she asserts that Defendants Chamberlain and Cooper held her down for an unreasonable strip search while Defendant Cunningham forcefully removed her clothing.  *Id.* at 12–14.  She further alleges that Chamberlain touched her genitals during the allegedly unreasonable search.  *Id*.  Construing these allegations liberally, the Court finds that Plaintiff has stated plausible claims for assault.  Because she also plausibly alleges offensive bodily contact by Defendants Chamberlain, Cooper, and Cunningham, Plaintiff also has stated a battery claim against these three Defendants.  *See Geiger v. Bowersox*, 974 S.W.2d 513, 516 (Mo. Ct. App. 1998) ("A battery is an intended, offensive bodily contact with another.").

      b.  *Sexual Assault*

Missouri law does not recognize a standalone or separate civil cause of action for sexual assault.  *See Sheehan v. Sheehan*, 901 S.W.2d 57, 58 (Mo. banc 1995) (Benton, J., for the Court).  Unwelcomed sexual contact, *see, e.g.*, *Edmisten v. Dousette*, 334 S.W.2d 746, 753 (Mo. Ct. App. 1960); *Harris v. Hollingsworth*, 150 S.W.3d 85, 88 (Mo. Ct. App. 2004), and unwelcomed actions creating a reasonable fear of sexual contact, *see, e.g.*, *Phelps*, 73 S.W.3d at 651, plainly fall within the elements of assault and battery themselves.  *See* 34A Robert H. Dierker & Richard J. Mehan, *Missouri Practice Series, Personal Injury & Torts Handbook*

4

§ 10:2 (2024 ed.) ("Sexual touching is an increasingly common situation in which a claim of assault or battery is asserted.").

Accordingly, even though the conduct at issue might, in common parlance, be referred to by other terms, like sexual assault, Plaintiff's state law tort claims are for assault and battery. *Cf. K.G. v. R.T.R.*, 918 S.W.2d 795, 800 (Mo. banc 1996) (noting "sexual abuse" clearly is "offensive contact and is a battery").  The Court, therefore, will not issue process as to a separate claim of sexual assault under Missouri law. *See Wivell v. Wells Fargo Bank, N.A.*, 773 F.3d 887, 896 (8th Cir. 2014) (quoting *Dannix Painting, LLC v. Sherwin-Williams Co.*, 732 F.3d 902, 905 (8th Cir. 2013) ("As a federal court, our role in diversity cases is to interpret state law, not to fashion it.")).[2]

### 3. Supplemental Jurisdiction

Under 28 U.S.C. § 1367, the Court may exercise supplemental jurisdiction over state law claims arising from the same case or controversy as a federal claim.  In determining whether to exercise supplemental jurisdiction, the Court must consider judicial economy, convenience, fairness, and comity. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988).

Here, Plaintiff's state law claims arise from the same factual allegations as her Fourth Amendment claim.  Judicial economy, convenience, and fairness support the exercise of supplemental jurisdiction over Plaintiff's battery and assault claims.  Therefore, the Court will

---

[2] It is not applicable here but is worth noting, in light of the foregoing discussion, that Missouri has a statutory cause of action for damages resulting from sexual and pornographic offenses involving a minor. *See* Mo. Rev. Stat. § 537.047; *see also Doe v. Ratigan*, 481 S.W.3d 36, 40 n.7 (Mo. Ct. App. 2015) (citing Mo. Rev. Stat. § 537.047).

exercise supplemental jurisdiction over these claims. However, the Court could revisit this determination if circumstances change. *See, e.g.*, 28 U.S.C. § 1367(c)(3).

## Conclusion

For the foregoing reasons, the Court will reinstate Plaintiff's Fourth Amendment claim against Defendants Chris Chamberlain, Jeff Cunningham, Misty Kindle, William Anderson, Adam Cooper, and Jeremy Crice in their individual capacities only. The Court will also permit Plaintiff to proceed on her assault and battery claims under Missouri law against Defendants Chamberlain, Cunningham, and Cooper in their individual capacities only.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall effectuate service of process via the United States Marshals Service upon Defendants Chris Chamberlain, Jeff Cunningham, Misty Kindle, William Anderson, Adam Cooper, and Jeremy Crice. Defendants shall be served at the Southeast Missouri Mental Health Center, 1010 West Columbia Street, Farmington, Missouri 63640. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

**IT IS FURTHER ORDERED** that the Clerk shall note on the docket that Defendant Hacker has been terminated from this action.

**IT IS FINALLY ORDERED** that Plaintiff's Motions relating to the filing fees, Doc. [23] & Doc. [24], are **DENIED** as meritless.

Dated this 16th day of December 2024.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE