UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KELLY LA GALE MCSEAN, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 4:23-cv-01225-MTS |
| CHRIS CHAMBERLAIN, *et al.*, | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

The Court previously dismissed this action. Doc. [10]. Plaintiff appealed, Doc. [14], and a panel of the United States Court of Appeals for the Eighth Circuit, in an unpublished per curiam decision, revived portions of Plaintiff's action, *McSean v. Chamberlain*, No. 24-1674, 2024 WL 3812712, at *2 (8th Cir. Aug. 14, 2024). After remand, this Court granted *pro se* Plaintiff's Motion for Appointment of Counsel. Doc. [44]; *see also* 28 U.S.C. § 1915(e)(1). Since then, however, the Court has been unable to find an attorney that is willing (and ethically able)[1] to represent Plaintiff in this action. *See O'Connor v. Jones*, 946 F.2d 1395, 1397 n.2 (8th Cir. 1991) (noting that "attorneys 'requested' to represent indigent litigants under [28 U.S.C. § 1915(e)(1)] may refuse such a request without discipline or sanction"). The Court therefore will vacate its prior order granting Plaintiff's Motion and cease attempting to locate an attorney willing and able to represent Plaintiff in this matter.

---

[1] *See* ABA Model R. Prof'l Conduct 6.2(c) (describing when lawyer should seek to avoid appointment to represent a person).

\*

While the Court and Plaintiff would have benefited from Plaintiff's assistance by counsel in this action, Plaintiff is not entitled to an appointed attorney here. *See Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018) (noting *pro se* litigants have neither a constitutional nor a statutory right to appointed counsel in civil cases). Plaintiff's status as a prisoner does not change that fact. *See* 3 Michael B. Mushlin, *Rights of Prisoners* § 12:24 (5th ed.) (explaining that prisoners have no right to appointed counsel in civil cases). Even under the discretionary standard the Eighth Circuit has set to determine whether to appoint counsel to an indigent litigant, the relevant criteria here did not strongly favor appointment of counsel when the Court ordered it, and they do not strongly favor it even today. *See Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006) (discussing the "relevant criteria for determining whether counsel should be appointed"). The case is not factually complex. Plaintiff was a witness to the entire event and therefore there are relatively few—if any—facts to investigate via discovery. And, according to the Eighth Circuit's review of Plaintiff's Complaint, Plaintiff has demonstrated an ability to present the claims at issue. The only factor that weighs somewhat in favor of appointment is the legal complexity of the Fourth Amendment issue, but the Eighth Circuit's opinion ostensibly has clarified any complexity. All told, vacating the grant of the Motion for Appointment of Counsel, even if a willing attorney could have been found to represent Plaintiff, would be within this Court's sound discretion.

What is more, Plaintiff's indigency does not give the Court any extraordinary authority "to make coercive appointments of counsel." *See Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296, 310 (1989) (examining courts' statutory authority under 28 U.S.C. § 1915(e)(1)).  Even if courts have inherent authority to require attorneys to accept an appointment,[2] the Court is not at all convinced that it could—let alone should—force an attorney who is ethically unable to represent a plaintiff to do so, *see* W. Bradley Wendel, *Lawyer Shaming*, 2022 U. Ill. L. Rev. 175, 192 (2022) (explaining that even when a court appoints a lawyer, the lawyer "may seek to avoid the appointment on the ground that 'the client or the cause is so repugnant to the lawyer as to be likely to impair the client-lawyer relationship or the lawyer's ability to represent the client'").

Since it cannot require an attorney to represent Plaintiff under § 1915(e)(1), the Court is within its discretion to cease its search for counsel to represent Plaintiff in this matter.  *See Gordon v. Morton*, 131 F. App'x 797, 799 (3d Cir. 2005) (per curiam) (joined by Alito, J.) (finding district court did not abuse its discretion in initially granting

---

[2] In *Mallard*, the Supreme Court expressed no opinion "on the question whether the federal courts possess inherent authority to require lawyers to serve." 490 U.S. at 310.  Other courts seem to assume that no such inherent authority exists, *see, e.g.*, *Rachel v. Troutt*, 820 F.3d 390, 396 (10th Cir. 2016) (joined by Gorsuch, J.) (referencing a "court's lack of authority to compel legal representation"), or squarely reject the idea, *see, e.g.*, *Colbert v. Rickmon*, 747 F. Supp. 518, 527 (W.D. Ark. 1990).  *But see Naranjo v. Thompson*, 809 F.3d 793, 802 (5th Cir. 2015) (holding "federal courts have inherent authority to order attorneys to represent litigants without pay").  For its part, when the Eighth Circuit has discussed a court's "authority" to "appoint" counsel, it has pointed only to 28 U.S.C. § 1915(e)(1). *See, e.g.*, *Crozier for A.C. v. Westside Cmty. Sch. Dist.*, 973 F.3d 882, 889 (8th Cir. 2020) (per curiam).  *Accord Heleva v. Kramer*, 330 F. App'x 406, 409 (3d Cir. 2009) (per curiam).  *See also Mills v. Fischer*, 645 F.3d 176, 177 n.3 (2d Cir. 2011) ("A district court is empowered only to 'request' an attorney to represent an [in forma pauperis] plaintiff, § 1915(e)(1), but case law commonly refers to the arrangement as 'appointed' counsel.").  To the extent this Court has any authority to require an attorney to represent a litigant against the attorney's will, the Court declines to do so here.

motion to appoint counsel but later denying it after failing to find counsel willing to accept the appointment); *Cooper v. City of Ashland*, 187 F.3d 646 (9th Cir. 1999) (mem.) (joined by Lay, J., sitting by designation) (similar).

Plaintiff, of course, may still hire an attorney to represent her. *See* 28 U.S.C. § 1654. After all, Plaintiff's indigency is not a bar to securing an attorney. *See Hudak v. Curators of Univ. of Mo.*, 586 F.2d 105, 106 (8th Cir. 1978) (affirming denial of motion for appointment of counsel where it "appear[ed] that the case is one in which a contingent fee arrangement is feasible"); *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 173 (2d Cir. 1989) (per curiam) ("It is simply not true that the suits of individuals are generally financed by their personal means."). If Plaintiff has trouble hiring an attorney, it likely speaks more to the likelihood of success in this action than Plaintiff's indigency. *See Ellenbecker v. John's*, 1:20-cv-1231-WCG, 2020 WL 6743250, at *1 (E.D. Wis. Nov. 17, 2020); *Scott v. Youth & Fam. All.*, 1:19-cv-0845-ML, 2019 WL 13027114, at *1 (W.D. Tex. Nov. 4, 2019); *Hackett v. Vinco, Inc.*, 4:08-cv-2518-BSM, 2009 WL 2462517, at *2 (E.D. Ark. Aug. 11, 2009); *Cantu v. Flanigan*, 1:05-cv-3580-DGT, 2007 WL 2480119, at *4 n.5 (E.D.N.Y. Aug. 27, 2007).

\* \* \*

In sum, Plaintiff does not have a right to a court-appointed attorney. Though never obligated to appoint Plaintiff an attorney, the Court, multiple times, sought counsel to represent Plaintiff on the claims the Eighth Circuit saw fit to resurrect. No attorney was willing and able to represent Plaintiff in this matter, and, at this point, the Court has no hope that it can find one. The Court therefore will vacate its prior order that granted

Plaintiff's Motion for Appointment of Counsel, and the Court will issue an amended case management order setting the new deadlines that will govern this action, whether Plaintiff remains *pro se* or secures an attorney.

Accordingly,

**IT IS HEREBY ORDERED** that the Court's Order granting Plaintiff's Motion to Appoint Counsel, Doc. [44], is **VACATED**, and the Plaintiff's Motion, Doc. [22], is **DENIED**.

Dated this 8th day of September 2025.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE