UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| KELLY LA GALE MCSEAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:23-CV-1225-CMS |
| | ) | |
| CHRIS CHAMBERLAIN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Before the Court is Defendants Chris Chamberlain, Jeff Cunningham, Misty Kindle, William Anderson, Adam Cooper, and Jeremy Crice's Motion for Summary Judgment, (Doc. 121). Considering the record in the light most favorable to Plaintiff Kelly La Gale McSean, the Court concludes that Defendants are entitled to summary judgment as to Count I. As to Counts II and III, the Court has identified related grounds to grant summary judgment that were not specifically raised by Defendants. Accordingly, the Court defers ruling on Counts II and III and will allow the parties a reasonable amount of time to respond pursuant to Federal Rule of Civil Procedure 56(f).

## BACKGROUND

### I.      Procedural Background

Plaintiff brought this action on September 29, 2023, (Doc. 1), but the operative complaint was filed in October 2025, (Doc. 97). In the operative complaint, Plaintiff advances three claims related to a body search that occurred while Plaintiff was civilly committed at Southeast Missouri Mental Health Center (SMMHC) in the Sex Offender Rehabilitation and Treatment Services program (SORTS). *Id.* ¶¶ 1, 14, 19–45; *see* (Doc. 106 at 3, 5). Against all Defendants, Plaintiff brings a 42 U.S.C. § 1983 claim for violation of the Fourth Amendment, alleging that the body

search "was unreasonable under the circumstances" and "was [] performed in an unreasonable manner." (Doc. 97 ¶¶ 46–55). Against Defendants Chamberlain, Cunningham, and Cooper, Plaintiff also brings two state law tort claims: assault and battery.[1] *Id.* ¶¶ 56–71. After answering the operative complaint, (Doc. 106), Defendants moved for summary judgment, (Doc. 121), and filed their statement of uncontroverted facts, (Doc. 122).

Defendants ask the Court to "enter[] summary judgment in their favor" because "[t]he body search of Plaintiff was reasonable under the Fourth Amendment" and "Defendants are entitled to qualified immunity." (Doc. 121; Doc. 121-1 at 2–3, 7–8). Plaintiff has neither responded to Defendants' summary judgment motion nor objected to any of Defendants' uncontroverted facts, and the deadline to do so has long since passed. *See* E.D. MO. L.R. 4.01(f) ("A party opposing a motion for summary judgment . . . shall file a memorandum and any appropriate documentary evidence twenty-one (21) days after being served with the motion."); *id.* at 4.01(e) ("Every memorandum in opposition [to summary judgment] must be accompanied by a document . . . [which] must set forth each relevant fact as to which the party contends a genuine issue exists."); (Doc. 88 at 2) ("Local Rule 4.01 governs response times for all motions unless otherwise provided by Order of the Court."). Because Plaintiff has not timely responded to Defendants' statement of uncontroverted facts, the Court deems those facts admitted for purposes of summary judgment. *See* E.D. MO. L.R. 4.01(e) ("All matters set forth in the moving party's Statement of

---

[1] While not explicitly stated in the complaint, these claims are brought against Defendants in their individual capacities only. *See* (Doc. 37 at 6) (allowing only individual capacity claims to proceed); (Doc. 97 at 1 n.1) ("The allegations of [the] [operative] Complaint are intended to be in accordance with the Court's December 16, 2024 [] Order."). The course of proceedings similarly confirms that the claims are brought against Defendants in only their individual capacities. *See* *S.A.A. v. Geisler*, 127 F.4th 1133, 1139–40 (8th Cir. 2025) (discussing factors to consider when applying course of proceedings test); (Doc. 121) (Defendants raising the defense of qualified immunity at summary judgment).

Uncontroverted Material Facts shall be deemed admitted for purposes of summary judgment unless specifically controverted by the opposing party."); *see also Jones v. United Parcel Serv., Inc.*, 461 F.3d 982, 991 (8th Cir. 2006) (holding that district court did not abuse its discretion by deeming defendants' uncontroverted facts admitted after plaintiffs "failed to provide a pleading in accordance with the rules that controverted any of the movants' facts").

## II.     Factual Background

The following facts are uncontroverted and deemed admitted for purposes of summary judgment. Plaintiff, a biological male who identified with female pronouns, was a resident at the Missouri Department of Mental Health's Sex Offender Rehabilitation and Treatment Services (SORTS) program in Farmington, Missouri. (Doc. 122 ¶ 1–2). Plaintiff was subject to daily random pat searches. *Id.* ¶ 3. Protocol dictates that "[w]hen a pat search is refused, body searches are required to ensure that no weapons or other contraband are on the resident's person" and that a body search may only be conducted by security officers. *Id.* ¶ 4; *see* (Doc. 122-1 ¶ 5); (Doc. 122-6 ¶ 7).

On December 30, 2021, Defendant Crice, a security aid, ordered Plaintiff to comply with a pat search but Plaintiff refused. (Doc. 122 ¶ 3). After being alerted to Plaintiff's noncompliance, security officers responded to Plaintiff's housing unit to conduct a body search of Plaintiff. *Id.* ¶ 5; *see* (Doc. 122-6 ¶ 8). Plaintiff refused to follow those security officers into a private room for a body search. (Doc. 122-1 ¶ 6); *see* (Doc. 122 ¶ 6). Subsequently, facility staff used a "litter" to move Plaintiff to a private room to conduct a body search. (Doc. 122 ¶ 6). The resulting body search was conducted by Defendants Cooper and Cunningham. *Id.* ¶ 8. The body search was overseen by Defendant Chamberlain, the Head of Security, and Defendant Crice, but neither of them touched Plaintiff during the search. *Id.* ¶¶ 8–9. Defendants Kindle and Anderson were not in

3

the room during the body search. *Id.* ¶ 7. The body search was conducted without any Defendant touching Plaintiff's genitalia. *Id.* ¶ 10. Contrary to Plaintiff's complaint, Defendants did not laugh or make remarks about Plaintiff's body, sexual identity, or gender during the body search. *Id.* ¶ 11.

## LEGAL STANDARD

Federal Rule of Civil Procedure 56(a) requires courts to grant summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The movant initially bears the burden "of informing the district court of the basis for [his] motion and [] identify[ing] the portions of the record that [he] believes demonstrate the absence of a genuine dispute of material fact." *Bedford v. Doe*, 880 F.3d 993, 996 (8th Cir. 2018). This burden can be satisfied in two ways: "[the movant] can [either] produce evidence negating an essential element of the nonmoving party's case, or [he] can show that the nonmoving party does not have enough evidence of an essential element of its claim to carry its ultimate burden of persuasion at trial." *Id.* If the movant meets his burden, "the nonmovant must respond by submitting evidentiary materials that set out 'specific facts showing that there is a genuine issue for trial.'" *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (citation omitted). The nonmovant cannot "substantiate his allegations with . . . mere speculation, conjecture, or fantasy," *Barber v. C1 Truck Driver Training, LLC*, 656 F.3d 782, 801 (8th Cir. 2011), but "must instead present enough evidence that a jury could reasonably find in his favor," *Bedford*, 880 F.3d at 997.

If there are disputed facts, the Court "view[s] [those] facts in the light most favorable to the nonmoving party, drawing all reasonable inferences in [his] favor. *Sherr v. HealthEast Care Sys.*, 999 F.3d 589, 597 (8th Cir. 2021). At summary judgment, the Court "'does not weigh the evidence, make credibility determinations, or attempt to discern the truth of any factual issue' but

4

focuses on whether there are genuine disputes of material fact for trial." *Walz v. Randall*, 2 F.4th 1091, 1099 (8th Cir. 2021) (citation omitted). "Substantive law in the relevant area dictates which facts are material, as 'only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.'" *Sherr*, 999 F.3d at 597 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). That said, the Court "must still determine that the [movant] is entitled to judgment as a matter of law on each claim," even when the summary judgment motion is unopposed. *Calon v. Bank of Am., N.A.*, 915 F.3d 528, 530 (8th Cir. 2019).

## DISCUSSION

Defendants have moved for summary judgment on all counts.[2] Defendants successfully demonstrate that Plaintiff's section 1983 claim (Count I) fails as a matter of law. But Defendants have not adequately informed the Court of the basis for granting summary judgment as to the state law tort claims (Counts II and III). Still, the uncontroverted facts put the viability of Plaintiff's state law tort claims in serious doubt, and the Court is inclined to grant summary judgment as to Counts II and III on related grounds. To that end, the Court will defer ruling as to Counts II and III and will set a briefing schedule pursuant to Federal Rule of Civil Procedure 56(f).

## I.     Reasonableness of the Search

Plaintiff argues that the body search violates the Fourth Amendment in two ways: 1) "[t]he body search was unreasonable under the circumstances," (Doc. 97 ¶ 49), and 2) "[t]he body search

---

[2] While Defendants' motion is not the model of clarity on this point, it is sufficiently apparent that Defendants intended to move for summary judgment on all counts for three reasons. First, the summary judgment motion is styled "Defendants' Motion for Summary Judgment," as opposed to being a "partial" motion. (Doc. 121). Second, Defendants do not ask for relief to be granted as to only some of the counts, but rather generally ask for the Court to "enter summary judgment as a matter of law." *Id.* Third, Defendants have treated the grant of their summary judgment motion as equivalent relief to dismissing all of Plaintiff's claims with prejudice. *See* (Doc. 124 at 3–4).

was [] performed in an unreasonable manner," *id.* ¶ 50. "[I]nvoluntarily civilly committed persons retain the Fourth Amendment right to be free from unreasonable searches that is analogous to the right retained by pretrial detainees." *Beaulieu v. Ludeman*, 690 F.3d 1017, 1028 (8th Cir. 2012). Courts determine "whether a search of a civilly committed person is reasonable under the Fourth Amendment [by] apply[ing] a balancing test, which weighs 'the need for the particular search against the invasion of rights that the search entails.'" *Gardner v. Minnesota*, 2019 WL 1084714, at *8 (D. Minn. Jan. 15, 2019) (quoting *Serna v. Goodno*, 567 F.3d 944, 949 (8th Cir. 2009)). "In applying the balancing test, [] court[s] must consider 'the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted.'" *Wudnuer v. Douglas Cnty. Jail*, 2025 WL 1580907, at *5 (D. Neb. June 4, 2025) (quoting *Bell v. Wolfish*, 441 U.S. 520, 559 (1979)).

Plaintiff's arguments fail because Defendants have supplied uncontroverted facts demonstrating that the body search was reasonable under the Fourth Amendment when the need to conduct the body search is weighed against the invasion of Plaintiff's rights. Because an essential element of Plaintiff's section 1983 claim is negated, in that there was no underlying constitutional violation, Defendants are entitled to summary judgment on Count I. The Court will address each of Plaintiff's arguments in turn.

### a.  *Reasonableness of Subjecting Plaintiff to a Body Search*

Plaintiff alleges that Defendants conducting the body search was unreasonable because "Defendants lacked a legitimate need to search [Plaintiff]." (Doc. 97 ¶ 49). Defendants argue that the body search was justified in the interest of promoting safety and security at the SORTS facility. (Doc. 121-1 at 2–5). Plaintiff's argument fails because the summary judgment record demonstrates that there was a legitimate basis to subject Plaintiff to a body search.

6

While "an involuntarily committed patient of a state hospital is not a prisoner per se, his confinement is subject to the same safety and security concerns as that of a prisoner." *Beaulieu*, 690 F.3d at 1028. "The Government's interest in maintaining security at institutions providing the containment and treatment of civilly committed patients has been held crucial to safety as well as treatment." *Swearengin v. Chamberlain*, No. 4:22-CV-403-HEA, 2022 WL 16527241, at *16 (E.D. Mo. Oct. 28, 2022) (citing *Morgan v. Rabun*, 128 F.3d 694, 697 (8th Cir. 1997). "[W]hen there is no substantial evidence that the manner of the search is an exaggerated response to the perceived security concerns[,] wide-ranging deference [is given] to prison officials on matters concerning institutional security." *Lindsey v. Doe #1*, No. 4:21-CV-1512-SEP, 2022 WL 1451680, at *3 (E.D. Mo. May 9, 2022) (quotation omitted). "The Fourth Amendment does not require officers to use the least intrusive or less intrusive means to effectuate a search but instead permits a range of objectively reasonable conduct." *Shade v. City of Farmington, Minnesota*, 309 F.3d 1054, 1061 (8th Cir. 2002).

In the operative complaint, Plaintiff alleges that "no exigent circumstances or other valid purpose justified the body search." (Doc. 97 ¶ 49). The operative complaint further states that "[Plaintiff] did not pose a threat to Defendants or institutional control and did not pose a security and treatment risk to SMMHC." *Id.* But the summary judgment record reveals that Plaintiff, though "subject to daily random pat searches by ward security," refused to comply with a pat search immediately before the body search was ordered. (Doc. 122 ¶¶ 3, 5). SORTS security protocol dictates that body searches are to be conducted when a resident refuses a pat search "to ensure that no weapons or other contraband are on the resident's person." *Id.* ¶ 4. Defendants followed this protocol when Plaintiff refused to submit to a pat search. *Id.* ¶¶ 5–6.

Plaintiff has not offered any evidence to suggest that the SORTS security protocol constitutes an exaggerated response to perceived security concerns. It is well established that "maintaining security at institutions providing the containment and treatment of civilly committed patients [is] crucial to safety as well as treatment," *see Swearengin*, 2022 WL 16527241, at *16, and courts have routinely affirmed the use of body searches of residents as part of institutional security policies. Indeed, "courts have held that visual body cavity searches for contraband may be conducted on prisoners and detainees, [even] in the absence of a reasonable suspicion, so long as they are not performed in an abusive or offensive manner." *Rogers v. Snyder*, 2026 WL 693417, at *3 (E.D. Ark. Feb. 12, 2026) (collecting cases). Thus, there is no basis for this Court to second-guess the SORTS security protocol that requires a resident to submit to a body search after the resident refuses to comply with a daily random pat search. As the summary judgment record shows that Defendants conducted the body search according to a security protocol appropriately tailored to valid safety and security needs, subjecting Plaintiff to the body search was not unreasonable.

### b.   *Reasonableness of the Manner in which the Body Search was Conducted*

Plaintiff also alleges that the body search was "performed in an unreasonable manner." (Doc. 97 ¶ 50). Defendants contend that "[w]hen balanced against the legitimate safety and security concerns of SORTS, [the body] search was neither unreasonable nor humiliating." (Doc. 121-1 at 5–7). Plaintiff's argument fails because the body search was reasonable when balancing the legitimate need for the search against the intrusion to Plaintiff.

"A visual body-cavity search unquestionably is 'intrusive and unpleasant,' . . . [and] [t]he intrusion of such a search is significant." *Serna*, 567 F.3d at 954. Determining whether a body search is unreasonable "is a fact-specific inquiry" but "visual body searches of [] pretrial detainees, while affecting the privacy interests of inmates, are legal if conducted in a reasonable manner."

8

*Green v. Lake*, 2019 WL 2016781, at *6 (D. Minn. Jan. 30, 2019) (citing *Bell*, 441 U.S. at 559).

"Four factors are relevant to determining whether the unclothed visual body search was reasonable: '(1) the justification for initiating the search, (2) the scope of the particular intrusion, (3) the place in which the search is conducted, and (4) the manner in which it is conducted.'" *Benson v. Piper*, 2020 WL 10691914, at *19 (D. Minn. July 29, 2020) (quoting *Schmidt v. City of Bella Villa*, 557 F.3d 564, 572 (8th Cir. 2009)).

In the operative complaint, Plaintiff argues that the body search was unreasonable in several ways:

> [T]he search was not conducted pursuant to SMMHC policies and procedures; the search involved the unauthorized use of restraints; the search was performed by and in the presence of male SMMHC staff members; the search involved offensive touching; and Defendants made no attempt to limit the intrusive nature of the search, instead performing it in a degrading, humiliating, and abusive manner.

(Doc. 97 ¶ 50). Of these allegations, the only factual allegation supported by the summary judgment record is that "the search was performed by and in the presence of male SMMHC staff members."[3] *Id.*; *see* (Doc. 122 ¶¶ 7–8). Plaintiff is correct that Defendants Chamberlain and Crice, who supervised the search, and Defendants Cooper and Cunningham, who carried out the search, are male (Doc. 122 ¶ 8); *see* (Doc. 121-1 at 6). But Plaintiff also is a biological male, (Doc. 122 ¶ 2), and "the Eighth Circuit has held that strip searches should be conducted by officers of the same sex, barring exigent circumstances." *Williams v. Fitzpatrick*, 2023 WL 9510837, at *2 (E.D. Ark. June 21, 2023) (citing *Story v. Foote*, 782 F.3d 968, 972 (8th Cir. 2015). Plaintiff's

---

[3] Many of Plaintiff's allegations are outright contradicted by the undisputed summary judgment record. In fact, Plaintiff was ordered to submit to a body search according to SORTS procedures, *see* (Doc. 122 ¶¶ 3–6); *supra* at 7, there was no touching of Plaintiff's genitalia, (Doc. 122 ¶ 10), Defendants limited the intrusive nature of the search by conducting it in a private room, *id.* ¶ 6, and Defendants did not laugh or make "any remarks to or about [Plaintiff's] body, sexual identity, or gender," *id.* ¶ 11.

"identify[ing] with female pronouns," (Doc. 122 ¶ 2), is not an "exigent circumstance." *See also Beard v. Falkenrath*, 97 F.4th 1109, 1115 (8th Cir. 2024) (expressing skepticism that a Fourth Amendment violation occurred simply because the prisoner plaintiff, a biological male who identified as a transgender woman, was searched by male officers and other inmates caught a glimpse of the plaintiff's chest).

The summary judgment record demonstrates that the body search was reasonable when weighing the need for the body search against the invasion of Plaintiff's rights. As previously discussed, Defendants had a valid justification for subjecting Plaintiff to a body search. *Supra* at 7. While a body search is a significant intrusion, *see Serna*, 567 F.3d at 954, Courts have regularly upheld body searches that "are not performed in an abusive or offensive manner," *Rogers*, 2026 WL 693417, at *3, and Plaintiff was subjected to a body search only after refusing to comply with a much less intrusive pat search and refusing to voluntarily comply with a body search after that, (Doc. 122 ¶¶ 3, 6). Further, the body search was conducted in a private room. *Id.* ¶ 6. "[S]trip searches conducted in an area removed from public view, for legitimate safety concerns, have [generally] been upheld under the Fourth Amendment. *Fields v. Steele*, No. 4:14-CV-429-TCM, 2014 WL 4715182, at *4 (E.D. Mo. Sept. 22, 2014) (citing *Franklin v. Lockhart*, 883 F.2d 654, 656–57 (8th Cir. 1989)). Finally, while abusive and offensive searches have been found unreasonable under the Fourth Amendment, *Rogers*, 2026 WL 693417, at *3, no Defendant engaged in any inappropriate touching, nor was the search otherwise abusive or offensive, (Doc. 122 ¶¶ 10–11). The summary judgment record manifestly demonstrates that the body search of Plaintiff was reasonable under the Fourth Amendment. This negates an essential element of Plaintiff's section 1983 claim, because "[w]ithout a constitutional violation, there can be no

[section] 1983 liability." *Kiefer v. Isanti Cnty., Minnesota*, 71 F.4th 1149, 1154 (8th Cir. 2023). Accordingly, the Court grants summary judgment as to Count I.

## II.   State Law Tort Claims

While meeting their summary judgment burden as to Count I, Defendants have neglected to inform the Court of the basis for summary judgment as to Counts II and III. In fact, Defendants failed to squarely address the torts of assault and battery in their memorandum in support of summary judgment. *See* (Doc. 121-1). In any event, the same uncontroverted facts place the viability of Plaintiff's state law tort claims in serious doubt, to say the least.

To state a claim for assault under Missouri law, a plaintiff must show that: (1) the defendant acted with the intent to cause bodily harm or offensive contact, or to create a reasonable apprehension of such harm or contact, (2) the defendant's conduct indicated such intent, and (3) the plaintiff experienced apprehension of imminent bodily harm or offensive contact because of the defendant's actions. *Phelps v. Bross*, 73 S.W.3d 651, 656 (Mo. Ct. App. 2002). To state a claim under Missouri law for battery, a plaintiff must show the defendant intentionally made harmful or offensive bodily contact with plaintiff. *Id.*

The Court does not perceive that the summary judgment record supplies any factual basis to suggest that Defendants acted with intent to cause bodily harm or offensive contact, or that bodily harm or offensive contact occurred. Plaintiff thus appears unable to establish an essential element of assault and battery.

Because "[s]ua sponte orders of summary judgment will be upheld only when the party against whom judgment will be entered was given sufficient advance notice and an adequate opportunity to demonstrate why summary judgment should not be granted," *Figg v. Russell*, 433 F.3d 593, 597 (8th Cir. 2006) (internal quotations omitted), the Court will provide the parties an

opportunity to file supplemental briefing on this issue. The supplemental briefing must address whether granting summary judgment on Counts II and III on the grounds identified by the Court is appropriate given the uncontroverted and admitted facts. Defendants will have two weeks to file their supplemental brief, while Plaintiff will have four weeks to respond.

<b>CONCLUSION</b>

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion for Summary Judgment (Doc. No. 121) is **GRANTED IN PART.** Defendants' motion is granted as to Count I. The Court defers ruling on Counts II and III to allow the parties reasonable time to respond pursuant to Federal Rule of Civil Procedure 56(f). A separate order of partial summary judgment will accompany this order.

**IT IS FURTHER ORDERED** that the remaining parties, now on notice that the Court is inclined to grant summary judgment on Counts II and III on grounds not specifically raised by Defendants, shall file supplemental briefing on that subject. The supplemental briefing shall address whether granting summary judgment on Counts II and III on the grounds identified by the Court is appropriate given the admitted facts. Remaining Defendants' brief shall be filed no later than **June 17, 2026**. Plaintiff's brief shall be filed no later than **July 1, 2026**.

So ordered this 3rd day of June 2026.

**CRISTIAN M. STEVENS**
**UNITED STATES DISTRICT JUDGE**

12