**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| KELLY LA GALE MCSEAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )     Case No. 4:23-CV-1225-CMS |
| | ) |
| CHRIS CHAMBERLAIN, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Before the Court is Defendants Chris Chamberlain, Jeff Cunningham, and Adam Cooper's Motion for Summary Judgment as to Counts II and III.[1] (Doc. 121). After considering the record in the light most favorable to Plaintiff Kelly La Gale McSean, giving notice and a reasonable time to respond pursuant to Rule 56(f), and considering the parties' responses, the Court grants summary judgment as to Counts II and III.

## BACKGROUND

Plaintiff brought this action on September 29, 2023, (Doc. 1), and the operative complaint was filed in October 2025, (Doc. 97). In the operative complaint, Plaintiff advances three claims related to a body search that occurred while Plaintiff was civilly committed at Southeast Missouri Mental Health Center (SMMHC) in the Sex Offender Rehabilitation and Treatment Services program (SORTS).[2] *Id.* ¶¶ 1, 14, 19–45; *see* (Doc. 106 at 3, 5). Against all Defendants, Plaintiff

---

[1] The Court previously granted summary judgment as to Count I of Plaintiff's Amended Complaint. (Doc. 125 at 12). This had the effect of terminating Defendants Misty Kindle, William Anderson, and Jeremy Crice as parties because no claims remain against them. (Doc. 126).

[2] For a more detailed factual background of the search at issue, refer to the Court's June 3, 2026, Memorandum and Order. (Doc. 125 at 3–4).

brought a 42 U.S.C. § 1983 claim for violation of the Fourth Amendment, alleging that the body search "was unreasonable under the circumstances" and "was [] performed in an unreasonable manner." (Doc. 97 ¶¶ 46–55). Against Defendants Chamberlain, Cunningham, and Cooper, Plaintiff also brought two state law tort claims: assault and battery.[3] *Id.* ¶¶ 56–71. After answering the operative complaint, (Doc. 106), Defendants moved for summary judgment, (Doc. 121), and filed their Statement of Uncontroverted Facts, (Doc. 122). The Court subsequently issued an order that deemed Defendants' Statement of Uncontroverted Facts admitted for purpose of summary judgment and granted summary judgment in favor of Defendants on Count I. (Doc. 125 at 2–3, 12).

The Court did not grant summary judgment as to Counts II and III at that time because "Defendants [] neglected to inform the Court of the basis for summary judgment" as to those counts. *Id.* at 11. But the Court also observed that the "uncontroverted facts place the viability of Plaintiff's state law tort claims in serious doubt."[4] *Id.* Retaining supplemental jurisdiction over the state law tort claims, the Court indicated its intention to grant summary judgment as to Counts II and III pursuant to Federal Rule of Civil Procedure 56(f) and set a briefing schedule to provide the parties with a reasonable opportunity to respond. *Id.* at 11–12. The parties were specifically instructed to "address whether granting summary judgment on Counts II and III on the grounds identified by the Court is appropriate given the admitted facts." *Id.* at 12. Defendants and Plaintiff timely filed their responses, (Docs. 128, 129), and summary judgment is ripe for adjudication.

---

[3] Assault is alleged in Count II, and Battery is alleged in Count III. These claims are brought against Defendants in their individual capacities only. *See* (Doc. 125 at 2 n.1).

[4] Specifically, the Court observed that the summary judgment record did not appear to supply "any factual basis to suggest that Defendants acted with intent to cause bodily harm or offensive contact, or that bodily harm or offensive contact occurred" meaning that "Plaintiff [] appears unable to establish an essential element of assault and battery." (Doc. 125 at 11).

## LEGAL STANDARD

A district court may "enter summary judgment on its own motion." *Merechka v. Vigilant Ins. Co.*, 26 F.4th 776, 787 (8th Cir. 2022). "But it must follow the right procedure, which is to first 'giv[e] notice and a reasonable time to respond' before it 'grants summary judgment on grounds not raised by a party.'" *Id.* (alteration in original) (citing FED. R. CIV. P. 56(f)(1)–(2)). For notice to be adequate, a district court must identify the element of Plaintiff's claim that it believes is deficient. *See Walker v. Missouri Dep't of Corr.*, 138 F.3d 740, 742 (8th Cir. 1998).

If there are any disputed facts, the Court "view[s] [those] facts in the light most favorable to the nonmoving party, drawing all reasonable inferences in [his] favor. *Sherr v. HealthEast Care Sys.*, 999 F.3d 589, 597 (8th Cir. 2021). At summary judgment, the Court "'does not weigh the evidence, make credibility determinations, or attempt to discern the truth of any factual issue' but focuses on whether there are genuine disputes of material fact for trial." *Walz v. Randall*, 2 F.4th 1091, 1099 (8th Cir. 2021) (citation omitted). "Substantive law in the relevant area dictates which facts are material, as 'only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.'" *Sherr*, 999 F.3d at 597 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). That said, the Court "must still determine that the [movant] is entitled to judgment as a matter of law on each claim," even when the summary judgment motion is unopposed. *Calon v. Bank of Am., N.A.*, 915 F.3d 528, 530 (8th Cir. 2019).

## DISCUSSION

The Court previously put the parties on notice that it intended to grant summary judgment in favor of Defendants as to Counts II and III, because Plaintiff "appears unable to establish an essential element of assault and battery" pursuant to the uncontroverted and admitted facts (Doc.

3

125 at 11–12). After considering supplemental briefing by Defendants and Plaintiff, the Court enters summary judgment for Defendants on Counts II and III.

To state a claim for assault under Missouri law, a plaintiff must show: (1) the defendant acted with the intent to cause bodily harm or offensive contact, or to create a reasonable apprehension of such harm or contact, (2) the defendant's conduct indicated such intent, and (3) the plaintiff experienced apprehension of imminent bodily harm or offensive contact because of the defendant's actions. *Phelps v. Bross*, 73 S.W.3d 651, 656 (Mo. Ct. App. 2002). To state a claim under Missouri law for battery, a plaintiff must show the defendant intentionally made harmful or offensive bodily contact with plaintiff. *Id.*

Defendants argue that the summary judgment record is devoid of any fact that could give rise to a reasonable inference that any Defendant assaulted or battered Plaintiff. (Doc. 128 at 1, 3–7).[5] In particular, Defendants contend that no assault occurred because they "did not intend to injure Plaintiff with the search" and "the intention of the search was to ensure that Plaintiff did not have contraband that he could use to harm himself or others." *Id.* at 5 (citing Doc. 125 at 3; Doc. 122 ¶¶ 3–4, 9–11). Similarly, Defendants argue there was no battery because they "did not intend an offensive bodily contact," and the search was conducted in a reasonable manner under the Fourth Amendment. *Id.* at 6 (citing Doc. 125 at 6).

Plaintiff responds that Defendants committed assault and battery,[6] but does so without reference to the summary judgment record, (Doc. 129 at 4–8), despite the Court's prior instruction

---

[5] Defendants also contend that they "are entitled to official immunity against Plaintiff's state law claims." (Doc. 128 at 7–9). The Court will not consider that argument here because Plaintiff was not on adequate notice that official immunity could be a basis for summary judgment.

[6] Plaintiff's reply memorandum explicitly characterizes Defendants' conduct as assault, (Doc. 129 at 7), but never refers to it as battery. That being said, because Plaintiff characterizes Defendants'

to brief the appropriateness of summary judgment in light of the uncontroverted and admitted facts, (Doc 125 at 12). Instead, Plaintiff makes several assertions, seemingly intended as new material facts. These assertions do not create a genuine dispute of material fact for several reasons.

First, Plaintiff's assertions are not properly grounded. None of Plaintiff's assertions are supported by citation to the record. And while "[r]ule 56(c) specifically contemplates [that] an affidavit or declaration may be relied upon to support factual assertions," *Satterlee v. Internal Revenue Serv.*, 2022 WL 17099152, at *2 (W.D. Mo. Mar. 24, 2022), Plaintiff's assertions are not supported by any sworn statement and must be excluded on that basis. *See Fuller v. Evans*, 2022 WL 3240188, at *2 (E.D. Ark. Aug. 9, 2022) (excluding facts that were not supported by the record or by "an [a]ffidavit or other sworn declaration").

Second, even if the Court could disregard that fatal deficiency, many of Plaintiff's new assertions directly contradict facts already deemed admitted. For example, Plaintiff now asserts that "[the] strip search involved degrading remarks," (Doc. 129 at 4), Defendants "refused to provide policies to support their actions," *id.* at 4–5, and the search was conducted for the purpose of abusing Plaintiff, *id.* at 6–7. All these assertions are contradicted by admitted facts. *See* (Doc. 122 ¶ 11) ("During the body search, no one laughed or made any remarks to or about [Plaintiff's] body, sexual identity, or gender."); *id.* ¶ 4 (stating that the body search policy exists "to ensure that no weapons or other contraband are on the resident's person."); *id.* ¶¶ 3–5 (noting that the body search was conducted because Plaintiff refused to comply with a pat search); (Doc. 125 at 2–3) (deeming Defendants' Statement of Uncontroverted Facts admitted). Plaintiff had the opportunity to rebut Defendants' Statement of Uncontroverted Facts by filing a response to Defendants'

---

conduct as "abusive" and claims physical contact was made, *id.* at 6–7, the Court will presume that Plaintiff intends to support the battery claim as well.

summary judgement motion. But Plaintiff did not timely object to Defendants' facts, *see* E.D. MO. L.R. 4.01(f) ("A party opposing a motion for summary judgment . . . shall file a memorandum and any appropriate documentary evidence twenty-one (21) days after being served with the motion."), nor has Plaintiff offered any explanation for the failure to do so. In light of these circumstances, the Court cannot allow Plaintiff a second, untimely opportunity to create a material dispute of fact. *See Werner Enters., Inc. v. SMC Transp., LLC*, 2022 WL 952816, at *5 (D. Neb. Mar. 30, 2022) (holding that "[a] party may not later 'contradict his earlier admissions in an attempt to create an issue of fact solely to avoid summary judgment'").

Finally, some of the assertions now offered by Plaintiff are immaterial. For instance, Plaintiff stresses that "no contraband of any kind was found." (Doc. 129 at 8).  But the validity of the search does not depend on the discovery of contraband. *See United States v. Di Re*, 332 U.S. 581, 595 (1948) ("[A] search is not to be made legal by what it turns up. In law it is good or bad when it starts and does not change character from its success."). Thus, Defendants' failure to discover contraband has no bearing on the reasonableness of the search and is not a material fact for summary judgment.

In sum, Plaintiff, after being put on notice, has not pointed to any fact in the summary judgment record which suggests either that Defendants acted with the intent to cause bodily harm or offensive contact, or to create a reasonable apprehension of such harm or contact, or that Defendants intentionally made harmful or offensive bodily contact with Plaintiff. Because Plaintiff is unable to establish an essential element of each claim of assault and battery, those claims fail. *See Bedford v. Doe*, 880 F.3d 993, 997 ("The nonmoving party must [] present enough evidence that a jury could reasonably find in his favor"). Thus, Defendants are entitled to summary judgment on Counts II and III. *See* FED. R. CIV. P. 56(f).

**CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion for Summary Judgment (Doc. No. 121) is **GRANTED** as to Counts II and III. A separate order of summary judgment will accompany this order.

So ordered this 21st day of July 2026.

_____
**CRISTIAN M. STEVENS**
**UNITED STATES DISTRICT JUDGE**